IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ELTON RIEARA,

    Plaintiff,

vs.

                        CIVIL ACTION NO.: CV204-064

Officer R. CLEMENTS,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendant Clemons[1] ("Defendant") filed a Motion to Dismiss (Doc. No. 24), and Plaintiff filed a Response (Doc. No. 28). Defendant also filed a Reply (Doc. No. 32), a Supplement to Reply (Doc. No. 33), and Supplemental Declaration (Doc. No. 34). Plaintiff filed a Reply (Doc. No. 35). Due to the Court's reliance on documents outside of the parties' pleadings, the Court has construed Defendant's Motion to Dismiss as a Motion for Summary Judgment. For the reasons which follow, Defendant's Motion should be **GRANTED**.

---

[1] In his Complaint, Plaintiff refers to Defendant as "R. Clements." Defense counsel has notified the Court that there is not an Officer R. Clements serving at FCI Jesup and that Officer Richard L. Clemons was served with the summons and complaint.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff generally alleges that Defendant violated his rights as guaranteed by the Fourteenth Amendment's Equal Protection Clause and the Eighth Amendment. Plaintiff asserts he suffered from severe stomach cramps and was compelled to kneel while working. Although white inmates were seated on the job, Plaintiff alleges that Defendant took exception to his actions because he is black and fired him. Plaintiff also avers that Defendant was deliberately indifferent to his serious medical needs because Defendant did not offer him immediate medical care during this incident.

Defendant contends that Plaintiff's Complaint should be dismissed for failing to exhaust his administrative remedies. Defendant also contends that Plaintiff's claims against him in his official capacity should be dismissed.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting

2

AO 72A
(Rev. 8/82)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendant avers that Plaintiff has not exhausted his administrative remedies for his equal protection and Eighth Amendment claims. In his Reply Brief, Defendant asserts that Plaintiff voluntarily withdrew Administrative Remedy Number ("ARN") 271086. Defendant further asserts that ARN 316462 was untimely filed. Defendant contends that Plaintiff's claim against Defendant in his official capacity should be dismissed. Defense counsel also denies Plaintiff's allegations that he misled the Court in his initial Motion to Dismiss and supporting documentation.

Plaintiff generally contends that he exhausted his administrative remedies when he filed administrative grievances ARN 271086 and ARN 316462. Plaintiff denies that administrative grievance ARN 271086 was voluntarily withdrawn. He argues that Defendant's co-worker fraudulently convinced him to withdraw grievance ARN 271086 causing subsequent appeals to be untimely. Plaintiff avers that he has performed all that could be reasonably expected to exhaust his administrative remedies. Plaintiff also contends that defense counsel is attempting to perpetrate a "fraud upon the Court" through alleged inaccuracies in his briefs and exhibits. (Doc. Nos. 28, 35.) Finally, Plaintiff argues that because the United States is an interested party, Plaintiff's claims against Defendant in his official capacity should remain pending.

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed.2d 291, 299 (1992). 42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded

4

to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

During his incarceration, Plaintiff filed approximately thirty-five (35) Administrative Remedy requests. In seven requests, all filed after the date of the alleged incident, Plaintiff filled the necessary final appeal. (Doc. No. 24, Ex. 2, Att. A.) According to the pleadings, two of these seven requests, ARN 271086 and ARN 316462, address the claims that are the subject of this litigation. (Doc. No. 28, Ex. A.) However, Plaintiff has not exhausted his administrative remedies in either grievance. Plaintiff has not presented evidence supporting his assertions that an FCI Jesup official coerced him into withdrawing ARN 271086. Officer Ruley's affidavit states that each complainant is present when a grievance statement is typed and the complainant must affirm its content. (Doc. No. 39, Ex. 5.) This policy refutes Plaintiff's contention that he was coerced into withdrawing his grievance; Plaintiff could have simply voiced his disagreement to Officer Ruley if he did not want to withdraw his grievance.

5

AO 72A
(Rev. 8/82)

Regardless of Plaintiff's current assertions explaining his reason for withdrawing this grievance, he could have filed an appeal explaining his original delay, but it appears he failed to do so. See 28 C.F.R. § 542.15(a). Regulations allow an inmate to file an untimely appeal if he can demonstrate a valid reason for his delay. Id. Similarly, Plaintiff filed his second request, ARN 316462, over a year and half after the alleged incident occurred. Plaintiff has not denied that ARN 316462 and his subsequent appeals were untimely, nor has he presented evidence that he filed an appeal reasonably explaining this delay. See id. Plaintiff cannot circumvent the administrative process through the filing of untimely appeals. See Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005) (stating that untimely grievances do not satisfy the exhaustion requirement of the Prison Litigation Reform Act). Accordingly, Plaintiff has not established a genuine issue of material fact regarding the exhaustion of his administrative remedies.

Plaintiff's bare allegations regarding defense counsel's fraud against the Court are unsupported. Subsequent filings by both parties have clarified any alleged discrepancies. It is unnecessary to address the remaining grounds for Defendant's Motion.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss (Doc. No. 24), which is construed as a Motion for Summary Judgment, be **GRANTED**. Plaintiff's claims should be dismissed, without prejudice, due to his failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 21st day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)