

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ELTON RIEARA,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV204-064

Officer R. CLEMENTS,

    Defendant.

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. In his Objections, Plaintiff asserts that Officer Ruley criminally terminated his first administrative grievance in violation of his civil and constitutional rights. Plaintiff asserts that Officer Ruley did not coerce him into signing the withdrawal of his grievance. Instead, Plaintiff contends that Officer Ruley "forced" him to sign a blank form. (Pl. Obj., at p. 2-3.) After Plaintiff signed the blank form, Plaintiff avers that Officer Ruley typed a false statement regarding Plaintiff's voluntary withdrawal of his grievance. Plaintiff contends that he could not have voiced his disagreement with Officer Ruley's typed statement. Further, Plaintiff avers that the Magistrate Judge misconstrued Officer Ruley's affidavit and argues that there is no formal policy requiring that an inmate be present during the typing of a plaintiff's statement of resolution.

AO 72A
(Rev. 8/82)

Plaintiff's allegations are outweighed by Defendant's supporting documentation. Although Plaintiff correctly states that there is no formal policy requiring an inmate to be present while his statement of resolution is produced, Officer Ruley's supplemental affidavit indicates that it was *his* policy to require an inmate's presence during this process. (Doc. No. 34, Ex. 5.) Officer Ruley indicated that in some instances a prisoner would sign the form prior to typing the statement of resolution. (Id.) However, Officer Ruley stated that each inmate stayed with him until after he typed the statement and each inmate affirmed the finished product and that their grievance was withdrawn. (Id.) Moreover, Defendant's records and supporting affidavits indicate that Plaintiff filed untimely grievances and could have filed an out-of-time appeal explaining the reasons for his "voluntary" withdrawal. Plaintiff did not appear to follow this course of action. As a result, Plaintiff failed to establish a genuine issue of material fact regarding the exhaustion of his administrative remedies.

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendant's Motion to Dismiss, construed as a Motion for Summary Judgment, is **GRANTED**. Plaintiff's Complaint is **DISMISSED,** without prejudice, due to Plaintiff's failure to exhaust his administrative remedies. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 1st day of Dec., 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)